District Court, N. D. Illinois, E. D.
June 18, 1941.

### In re COLES A. DOTY, Inc.
### No. 37258.

District Court, E. D. New York.
Aug. 8, 1941.

Louis Winer, of Cedarhurst, N. Y., for trustee.

LeRoy B. Iserman, of New York City, for Nassau-Suffolk Lumber & Supply Co.

ABRUZZO, District Judge.

The trustee petitioned the Court for a review of the order of the Referee, dated May 31, 1940.

Before the Referee, the Trustee, by order to show cause, dated April 10, 1940, petitioned for certain relief against the Nassau Suffolk Lumber and Supply Co. He sought a turnover order against this respondent for $71,964.68, or whatever sum the Court determined should be turned over; and also sought the disallowance of a claim filed by the respondent for $15,340.-02.

Upon the date of the hearing, both sides appeared, and thereafter the Referee filed a written decision wherein he dismissed the order to show cause as to the turnover proceeding: "Upon the ground that there is a strong possibility of an adverse claim and upon the further and more important ground that it will be more beneficial to the bankrupt estate as well as the respondent that the matter be tried in a plenary suit."

The motion to disallow the respondent's claim in the sum of $15,340.02 was also dismissed but without prejudice to a renewal.

It is this decision and the order thereon which the trustee seeks reviewed.

From a study of the record, it appears that no preliminary hearing was held and no testimony taken. All that transpired was the submission of the order to show cause and the answer thereto, briefs by both sides and the oral argument.

The affidavits in support of the motion contained a great many items which may form a substantial basis for the position taken by the trustee. These affidavits at least raise a serious question as to the propriety of the dealings between the Nassau-Suffolk Lumber and Supply Co. and this bankrupt to the detriment of other creditors. Some of the items set forth with respect to the assets of the bankrupt turned over to the lumber company may be disposed of in a summary manner.

It was the duty of the Referee to hold hearings, take testimony and then base his decision on the proof adduced. The respondent's answer of an adverse claim could not dispose of the matter summarily. In Mueller v. Nugent, 184 U.S. 1, 15, 22 S. Ct. 269, 275, 46 L.Ed. 405, the Court stated:

"But suppose that respondent had asserted that he had the right to possession by reason of a claim adverse to the bankrupt, the bankruptcy court had the power to ascertain whether any basis for such a claim actually existed at the time of the filing of the petition. The court would have been bound to enter upon that inquiry, and in doing so would have undoubtedly acted within its jurisdiction, while its conclusion might have been that an adverse claim, not merely colorable, but real even though fraudulent and voidable, existed in fact, and so that it must decline to finally adjudicate on the merits. If it erred in its ruling either way, its action would be subject to review."

The Referee herein was bound to make an inquiry and investigation with a view to ascertaining the facts set forth both in support of the motion and the answering affidavits setting up the adverse claim.

The petition to review is sustained and the matter is sent back to the Referee to hold the hearings as directed. It is also directed that the Referee hold a hearing to determine the substantiality of the respondent's claim of $15,340.02.

Settle order on notice.